RECEIPT NUMBER

200 510880

21

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DANIEL L. HOWELL,

      Plaintiff,

v.

THE CITY OF DETROIT, a municipal corporation,
THE CITY OF DETROIT POLICE DEPARTMENT,
an agency of a municipal corporation, RODNEY
BALLINGER, an individual and official, MICHAEL
MOSLEY, an individual and official, ERIC CARTER,
an individual and official, and SHAWN WILLIAMS,
an individual and official,

      Defendants.

```
JUDGE : Roberts, Victoria A.
DECK  : S. Division Civil Deck
DATE  : 07/23/2004 @ 16:15:20
CASE NUMBER : 2:04CV72800
REM HOWELL V. CITY OF DET  (DA)
```

MAGISTRATE JUDGE DONALD A. SCHEER

WCCC Case No.: 04 419674 NO
Honorable Robert L. Ziolkowski

_____/

**ARNOLD J. SHIFMAN   (P20370)**
**MARY A. BEATTY (P63055)**
Attorneys of Plaintiff
1026 West Eleven Mile Road
Royal Oak, Michigan 48067
(248) 399-9703

_____/

**JACOB SCHWARZBERG   (P37693)**
Attorney for Defendant - City of Detroit
1650 First National Building
Detroit, Michigan 48226
(313) 237-3036 / 224-5505 (fax)

_____/

## DEFENDANT'S, CITY OF DETROIT'S,
## NOTICE OF REMOVAL OF CIVIL ACTION
## FROM WAYNE COUNTY CIRCUIT COURT TO U.S. DISTRICT COURT

     Defendant, City of Detroit, by and through its attorney, Jacob Schwarzberg,

pursuant to 28 U.S.C. § 1331, 1343, et. seq.,1367,1441 (a) and (b) 1443(2), and

1446, (a), (b), and (d), Removes this civil action from the Wayne County Circuit Court to

the United States District Court, based on the following:

K:\DOCS\LIT\SCHW\A37000\REMOVAL\LP0974.WPD

**ORIGINAL**

5.      On June 28, 2004,  Plaintiff commenced a civil action in Wayne County Circuit Court, Case No. 04-419674 NO, presently assigned to the Honorable Robert L. Ziolkowski.  **(Exhibit 1).**

6.      Defendant, City of Detroit, was served with a Summons and Complaint on July 6, 2004. **(Exhibit 1 and 1 A)**

7.      According to the Complaint, Plaintiff is a resident of the City of Dearborn, County of Wayne, State of Michigan.

8.      Count I of the Complaint alleges the state tort claim of false arrest and imprisonment.  **(Exhibit 1 - Complaint, paragraphs 30-37).**

6.      Count II of the Complaint alleges a violation of the 4th Amendment, pursuant to 42 U.S.C. § 1983 against the Defendant Officers.  **(Exhibit 1 - Complaint, paragraphs 40-41).**

7.      Count III of the Complaint alleges the state tort claim of concert of action against all Defendants.  **(Exhibit 1 - Complaint, paragraphs 44-46).**

8.      Count IV of the Complaint alleges that all of the defendants engaged in a conspiracy to violate Plaintiff's (presumably) federal) "civil rights".  **( Exhibit 1 - Complaint, paragraphs 49-52)**

9.      Count V of the Complaint alleges the state tort claim of malicious prosecution. **(Exhibit 1 - Complaint, paragraphs 55-59).**

10.     Count VI of the Complaint alleges the state tort claim of intentional infliction of emotional distress.  **(Exhibit 1 - Complaint, paragraphs 61-63).**

11.    Count VII of the Complaint alleges the state tort claim of gross negligence. ( **Exhibit 1 - Complaint, paragraphs 65-72).**

12.    Count VIII of the Complaint alleges that the Defendant City of Detroit and the Defendant Police Department violated Plaintiff's 4th and 14th Amendment rights based on its deliberate indifference to plaintiff's constitutional rights, so as not to be falsely arrested an imprisoned in the ways set up in sub-paragraphs A-D of paragraph 75. **(Exhibit - 1 - Complaint, paragraphs 74-75)**

13.    Defendant removes Plaintiff's cause of action to this Court, invoking the Court's federal question and/or original jurisdiction, because Plaintiff brings this action [in part] pursuant to 42 U.S.C. Section 1983 and the claimed violation of Plaintiff's 4th & 14th amendment rights.

14.    Plaintiff's Civil Action, seeking monetary relief against all Defendants under both state and federal tort claims, arise out of the same nucleus of facts, is claimed to have resulted in the deprivation of Plaintiff's 4th and 14th amendment rights, protected by the United States Constitution.

15.    This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. Section 1331 and 1343(a), et. seq..

16.    Also, this action is removable to this Court pursuant to 28 U.S.C. Section 1441(a) and (b) and 1443 (2).

17.    The action brought pursuant to the State claims fall within the Court's supplemental jurisdiction, 28 U.S.C. § 1367, because those claims arise from a common series of inter-related events that form the basis of this entire action.

18.   The above discussion satisfies the procedure for removal of this action, pursuant to 28 U.S.C. 1446, et. seq.

19.   Accordingly, Plaintiff's entire cause of action is removed from the Wayne County Circuit to the United States District Court.

20.   Copies of all process and pleadings served upon Defendant City of Detroit, are attached hereto, as required by 28 U.S.C. Section 1446 (a).

21.   This Notice of Removal is filed within thirty (30) after service of the Summons and Complaint against Defendant, City of Detroit, as prescribed by 28 U.S.C. 1446 (b).

22.   A written notice of the removal of this action from the Wayne County Circuit Court to the United States District Court shall be provided to Plaintiff's counsel and to the Clerk of the Wayne County Circuit Court, for which this matter is removed, in accordance with 28 U.S.C. Section 1446 (d).

**WHEREFORE**, Defendant remove this action from the Wayne County Circuit Court, Case No. 04-419674 NO, to the United States District Court, invoking the Court's Federal and Supplemental Jurisdiction, throughout the pendency of this matter.

Respectfully submitted,

JACOB SCHWARZBERG (P37693)
Attorney for Defendant - City of Detroit

Dated: July 23, 2004

K:\DOCS\LIT\SCHWJ\A37000\REMOVAL\LP0974.WPD

STATE OF MICHIGAN

CIRCUIT COURT FOR THE COUNTY OF WAYNE

DANIEL L. HOWELL,

       Plaintiff,                      No.          -NO

v.

THE CITY OF DETROIT, a municipal corporation, THE
CITY OF DETROIT POLICE DEPARTMENT, an agency of a
municipal corporation, RODNEY BALLINGER, an
individual and official, MICHAEL MOSLEY, an individual
and official, ERIC CARTER, an individual and official,
and SHAWN WILLIAMS, an individual and official

                                           JURY TRIAL DEMANDED

       Defendants.

                                                /

ARNOLD J. SHIFMAN (P20370)
MARY A. BEATTY (P63055)
Attorneys for Plaintiff
1026 West Eleven Mile Road
Royal Oak, MI 48067
(248) 399-9703

                                                /

There is no other pending or resolved civil action arising out of the
transaction or occurrence alleged in the complaint.

## COMPLAINT

NOW COMES the Plaintiff, DANIEL L. HOWELL, by and through his attorneys,

COOPER, SHIFMAN, GABE, QUINN & SEYMOUR, by Mary Beatty, and complains of

Defendants CITY OF DETROIT, a municipal corporation, CITY OF DETROIT POLICE

DEPARTMENT, an agency of the municipal corporation, RODNEY BALLINGER, an

individual and official, MICHAEL MOSLEY, an individual and official, ERIC CARTER, an

individual and official, and SHAWN WILLIAMS, an individual and official as follows:

       1.     At all relevant times, Plaintiff, DANIEL L. HOWELL, was a resident of the

Law Offices
Cooper, Shifman,
Gabe, Quinn,
& Seymour
1026 West Eleven Mile
Road
Royal Oak, Michigan 48067

(248) 399-9703

City of Dearborn, Wayne County, Michigan.

2.      Defendant, CITY OF DETROIT is a municipal corporation and the CITY OF DETROIT POLICE DEPARTMENT is an agency of the municipal corporation located in Wayne County, Michigan.

3.      Defendant RODNEY BALLINGER at all relevant times was employed by the City of Detroit Police Department as a police officer and was acting under color of law and in course and scope of his official employment.

4.      Defendant MICHAEL MOSLEY, at all relevant times was employed by the City of Detroit Police Department as a police officer and was acting under color of law and in course and scope of his official employment.

5.      Defendant ERIC CARTER at all relevant times was employed by the City of Detroit Police Department as a police officer and was acting under color of law and in course and scope of his official employment.

6.      Defendant SHAWN WILLIAMS at all relevant times was employed by the City of Detroit Police Department as a police officer and was acting under color of law and in course and scope of his official employment.

7.      Jurisdiction exists in this Court because the actions and events which form the basis of this Complaint occurred in the City of Detroit, Wayne County, Michigan.

8.      The amount in controversy exceeds $25,000.00.

### Common Allegations

9.      For Paragraph nine, Plaintiff incorporates by reference Paragraphs one through eight.

Law Offices
Cooper, Shifman,
Gabe, Quinn,
& Seymour
1026 West Eleven Mile
Road
Royal Oak, Michigan 48067
(248) 399-9703

2

10.     On April 19, 2003 at or about 9:30 P.M., in the City of Detroit, Wayne County, Plaintiff Howell was riding his motorcycle with his fiancé, Valerie Crowther, when Defendants RODNEY BALLINGER and MICHAEL MOSLEY initiated a traffic stop.

11.     Defendant BALLINGER requested the Plaintiff to perform field sobriety tests which were successfully completed.

12.     Defendant BALLINGER requested the Plaintiff to submit to a PBT test.

13.     Without giving the Plaintiff an opportunity to consent, Defendant BALLINGER arrested the Plaintiff for allegedly Operating Under the Influence of Liquor in violation of MCL 257.625.

14.     During the process of handcuffing, the Plaintiff expressed his strong desire to take a PBT numerous times but was advised by Defendant BALLINGER that it was "too late."

15.     The Plaintiff was handcuffed and placed in the patrol unit for transportation to the CITY OF DETROIT POLICE DEPARTMENT.

16.     Defendants ERIC CARTER and Defendant SHAWN WILLIAMS arrived at the scene and upon inquiry by the Plaintiff, Defendant BALLINGER advised that the Plaintiff's motorcycle would be transported to the precinct by Defendant CARTER.

17.     Plaintiff requested that his fiancé, Ms. Crowther, be allowed to ride the motorcycle to his home, however Defendant BALLINGER refused.

18.     While Plaintiff was in the police vehicle, he observed Defendant CARTER assume his position on the motorcycle and attempt to leave the scene several times, stalling the engine each time.

Law Offices
Cooper, Shifman,
Gabe, Quinn,
& Seymour
1026 West Eleven Mile
Road
Royal Oak, Michigan 48067

(248) 399-9703

3

19.     Plaintiff expressed his concern with Defendant CARTER'S ability to ride the motorcycle and his desire to allow his fiancé to transport the motorcycle while he was in the police vehicle, but the requests were refused.

20.     Defendant CARTER did finally get the engine started, turned the motorcycle around and proceeded to enter Warren Road and stopped at a red light where he revved the engine while waiting for the light.

21.     Once the traffic signal turned green and Defendant CARTER released the clutch and the motorcycle took off going into a one-wheel stand.  Defendant CARTER lost control of the motorcycle and it came crashing down with him.

22.     Defendant CARTER was injured and the motorcycle was heavily damaged.

23.     The Plaintiff was transported to the CITY OF DETROIT POLICE DEPARTMENT by Defendant BALLINGER at which time he was administered a DataMaster Breathalyzer which provided results of .03%.

24.     Defendant BALLINGER advised the Plaintiff that he was still charging the Plaintiff for OUIL and required the Plaintiff to remain in jail for over six hours.

25.     Plaintiff was taken to the 36th District Court and presented to the prosecuting attorney for the charge of OUIL, however the prosecuting attorney refused to charge the Plaintiff with said offense.

26.     Plaintiff was then taken to reclaim his bond at which time he was issued a citation under MCL 257.625(a) for refusal to submit to a PBT.

27.     On October 15, 2003, Plaintiff appeared before Judge Shannon in the 36th District Court for the alleged refusal to submit to a PBT citation, at which time Judge

Law Offices
Cooper, Shifman,
Gabe, Quinn,
& Seymour
1026 West Eleven Mile
Road
Royal Oak, Michigan 48067
(248) 399-9703

4

Shannon found the Plaintiff "not responsible" and dismissed the citation.

28.     On April 20, 2003, Defendants CARTER, BALLINGER, MOSLEY, and WILLIAMS were acting in their individual capacities and official capacities as police officers for the Defendant CITY OF DETROIT POLICE DEPARTMENT.

### Count I - False Arrest & Imprisonment

29.     For Paragraph 29, Plaintiff incorporates by reference Paragraphs one through 28.

30.     On April 20, 2003, Plaintiff was arrested by Defendants BALLINGER and MOSLEY, and with the assistance of CARTER and WILLIAMS, against his will, and without justification or reasonable cause, depriving him of his personal liberty and freedom of movement, all with the intent of confining him.

31.     In detaining Plaintiff, Defendants Officers BALLINGER, MOSLEY, CARTER and WILLIAMS were engaged in the regular course of and within the scope of their employment for the CITY OF DETROIT and CITY OF DETROIT POLICE DEPARTMENT.  As such, the CITY OF DETROIT and the CITY OF DETROIT POLICE DEPARTMENT are liable for the actions of Defendants.

32.     In full view of the Plaintiff's fiancé and other members of the community, the Plaintiff was handcuffed and placed in a patrol unit.

33.     Plaintiff was conscious of his confinement at all times relevant hereto.

34.     Defendants' actions directly resulted in the actual confinement of the Plaintiff.

35.     Plaintiff's imprisonment, restraint and detention were against the Plaintiff's will.

Law Offices
Cooper, Shifman,
Gabe, Quinn,
& Seymour
1026 West Eleven Mile
Road
Royal Oak, Michigan 48067
(248) 399-9703

36.     Defendants accomplished the imprisonment and restraint by actual physical force, and the deprivation of Plaintiff's liberty and freedom was intentional, unlawful, unprivileged, and without reasonable cause.

37.     In addition to the initial restraint and deprivation of personal liberty and freedom of movement being unreasonable, the continued detention and investigation were unreasonable.

38.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages, including, but not limited to being subjected to a police investigation regarding the allegations, being physically detained, humiliation, indignity, disgrace, fright, shame, mortification, injury to Plaintiff's feelings and reputation, mental and physical suffering and injury, has incurred medical expenses, pain, suffering and loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendants in an mount the trier of fact determines fully and fairly compensates in excess of $25,000.00 plus interest, costs and attorneys fees.

### Count II - Civil Rights Violation under 42 U.S.C. § 1983

39.     For Paragraph 39, Plaintiff incorporates by reference Paragraphs one through 38.

40.     Plaintiff was arrested, falsely imprisoned and arrested as recited here without probable or reasonable cause by Defendants, who, under the facts available, did not have an objective, good faith or reasonable belief that Plaintiff was guilty of the offense for which he was arrested.

Law Offices
Cooper, Shifman,
Gabe, Quinn,
& Seymour
1026 West Eleven Mile
Road
Royal Oak, Michigan 48067
(248) 399-9703

6

41.     Plaintiff alleges that such arrest was in violation of his rights under the Fourth Amendment of the U.S. Constitution to be free from unreasonable seizure and arrest, and his rights under the Fourteenth Amendment of the U.S. Constitution to due process of law and equal protection.

42.     At all relevant times, Defendants were acting under color of state law.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendants in an amount the trier of fact determines fully and fairly compensates in excess of $25,000.00 plus interest, costs, and attorney fees.

### Count III - Concert of Action

43.     For Paragraph 43, Plaintiff incorporates by reference paragraphs one through 43.

44.     At all relevant times, several or all Defendants engaged in concerted activities described herein by express or implied agreement.

45.     As a direct and proximate result of Defendants' concerted activities, Plaintiff has sustained and will continue to sustain severe injuries and damages as described herein.

46.     Due to the concert of action among all of the various Defendants, each is liable to Plaintiff for these injuries and damages even if there was no direct relation to the activity conducted by that particular Defendant.

47.     Defendants are liable to Plaintiff for all of his injuries and damages.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendants in an amount the trier of fact determines fully and fairly compensates in

Law Offices
Cooper, Shifman,
Gabe, Quinn,
& Seymour
1026 West Eleven Mile
Road
Royal Oak, Michigan 48067
(248) 399-9703

7

excess of $25,000.00 plus interest, costs, and attorney fees.

**Count IV - Civil Conspiracy**

48.     For Paragraph 48, Plaintiff incorporates by reference paragraphs one through 47.

49.     Defendants illegally, maliciously, and wrongfully conspired with one another with the intent to and for the illegal purpose of violating Plaintiff's civil rights, and falsely arresting, imprisoning, and charging Plaintiff, as described herein.

50.     Defendants in combination, conspired to violate Plaintiff's civil rights, deprive

him of his property and falsely arrest, imprison and charge Plaintiff, as described herein.

51.     This conspiracy resulted in the illegal, unlawful, or tortious activity of the deprivation of Plaintiff's property and the violation of Plaintiff's civil rights through the false arrest, false imprisonment and wrongfully charging the Plaintiff.

52.     As a result of the conspiracy and Defendants' illegal, wrongful or tortious acts, Plaintiff has suffered damages, including, but not limited to, being subjected to a police investigation regarding the allegations, being wrongfully charged, being physically detained, humiliation, indignity, disgrace, fright, shame, mortification, injury to Plaintiff's feelings and reputation, mental and physical suffering and injury, has incurred medical expenses, pain, suffering and loss of enjoyment of life.

53.     Defendants are liable to Plaintiff for all of his injuries and damages.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendants in an amount the trier of fact determines fully and fairly compensates in excess of $25,000.00 plus interest, costs, and attorney fees.

Law Offices
Cooper, Shifman,
Gabe, Quinn,
& Seymour
1026 West Eleven Mile
Road
Royal Oak, Michigan 48067
(248) 399-9703

## Count V - Malicious Prosecution

54.     For Paragraph 54, Plaintiff incorporates by reference paragraphs one through 53.

55.     Defendants instituted and initiated the allegations of criminal activity or civil violations of law against Plaintiff without reasonable cause and with malice.

56.     Defendants instituted the investigations for personal reasons which include,

but are not limited to malice, vexation and damage to Plaintiff's reputation.

57.     MCLA 600.2907, as well as the common law, provide for civil and criminal liability for every person who, for vexation, trouble, or with malice, causes another to be arrested, attached, or in any way proceeded against by any process of civil or criminal action without that person's consent.

58.     The Defendants attempted to issue Plaintiff a citation for OUIL without basis, probable or reasonable cause to support such a charge and for which charge was refused by prosecution.  After refusal of above charge, a citation for refusal to submit to a PBT was issued and later dismissed.

59.     As a direct result of Defendants' malice in making allegations that initiated the criminal investigation and civil infraction, Plaintiff has suffered damage, including but not limited to, harm to his professional reputation and his reputation in the community, being subjected to a police investigation regarding the allegations, being physically detained, humiliation, indignity, disgrace, fright, shame, mortification, injury to Plaintiff's feelings and reputation, mental and physical suffering and injury, has incurred medical expenses, pain, suffering and loss of enjoyment of life.

Law Offices
Cooper, Shifman,
Gabe, Quinn,
& Seymour
1026 West Eleven Mile
Road
Royal Oak, Michigan 48067

(248) 399-9703

9

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendants in an amount the trier of fact determines fully and fairly compensates in excess of $25,000.00 plus interest, costs, and attorney fees.

### Count VI - Intentional Infliction of Emotional Distress

60.     For Paragraph 60, Plaintiff incorporates by reference Paragraphs one through 59.

61.     The conduct of all Defendants as described herein was extreme, outrageous and not to be tolerated by society.

62.     The conduct of all Defendants as described herein was intentional or reckless.

63.     Defendants' conduct as described herein resulted in severe emotional distress to Plaintiff.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendants in an amount the trier of fact determines fully and fairly compensates in excess of $25,000.00 plus interest, costs, and attorney fees.

### Count VII - Gross Negligence of Officers of a Governmental Agency

64.     For Paragraph 64, Plaintiff incorporates by reference paragraphs one through 63.

65.     On April 20, 2003, Defendants CARTER, BALLINGER, MOSLEY, and WILLIAMS were police officers in the Sixth Precinct of the CITY OF DETROIT and CITY OF DETROIT POLICE DEPARTMENT.

66.     On April 20, 2003, Defendant CARTER did not have the training or legally

Law Offices
Cooper, Shifman,
Gabe, Quinn,
& Seymour
1026 West Eleven Mile
Road
Royal Oak, Michigan 48067
(248) 399-9703

10

required endorsement to operate a motorcycle.

67.     On April 20, 2003, Defendants BALLINGER, MOSLEY, WILLIAMS and CARTER were arbitrary, capricious, negligent and wantonly and willfully negligent when they detained and arrested Plaintiff as described herein, refused to allow Plaintiff to take a PBT test to vindicate himself, harassed Plaintiff and when Defendant CARTER made a voluntarily decision with the direction, encouragement and support of the other Defendants to ride a motorcycle for which he was not trained.

68.     Defendants BALLINGER, MOSLEY, WILLIAMS and CARTER had actual knowledge of the dangers involved when an individual does not have the proper training or licensing to operate a motorcycle.

69.     Although all the Defendants had actual knowledge of the dangers, the Defendants intentionally disregarded these dangers, detained and arrested Plaintiff as well as allowed Defendant CARTER to operate a motorcycle without the proper licensing requirements.

70.     Defendants BALLINGER, CARTER, MOSLEY and WILLIAMS' conduct, which directly and proximately caused Plaintiff's injuries and damages, was grossly negligent because it was so reckless that it demonstrated a substantial lack of concern for whether the Plaintiff would be injured or susceptible to damages.

71.     As the proximate cause of Defendant's grossly negligent actions, Plaintiff has suffered the above-mentioned injuries as well as other damages, As a result of the conspiracy and Defendants' illegal, wrongful or tortious acts, Plaintiff has suffered damages, including, but not limited to, property damage, harm to his professional reputation and reputation in the community, being subjected to a police investigation

Law Offices
Cooper, Shifman,
Gabe, Quinn,
& Seymour
1026 West Eleven Mile
Road
Royal Oak, Michigan 48067
(248) 399-9703

11

regarding the allegations, being wrongfully charged, being physically detained, humiliation, indignity, disgrace, fright, shame, mortification, injury to Plaintiff's feelings and reputation, mental and physical suffering and injury, has incurred medical expenses, pain, suffering and loss of enjoyment of life.

72.     Defendant is liable for Plaintiff's injuries and damages under MCLA 691.1407(2), and under the common law.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendants in an amount the trier of fact determines fully and fairly compensates in excess of $25,000.00 plus interest, costs and attorneys fees.

### Count VIII - Failure to Properly Supervise, Monitor and Train

73.     For Paragraph 73, Plaintiff incorporates by reference paragraphs one through 72.

74.     Pursuant to 42 USC § 1983, the Fourth and Fourteenth Amendments to the US Constitution, as well as the common law, Defendants CITY OF DETROIT and CITY OF DETROIT POLICE DEPARTMENT owed Plaintiff certain duties, including to properly hire, supervise, monitor and train Defendant officers and each employee so as not to falsely arrest and imprison Plaintiff, and others like him.

75.     Defendant breached these duties via their policies, procedures, ordinances, regulations, and customs and exhibited a deliberate and reckless indifference toward Plaintiff in one or more of the following ways:

A.     Failing to properly train;

B.     Failing to hire individuals whose character and personalities would not pose a danger or threat;

Law Offices
Cooper, Shifman,
Gabe, Quinn,
& Seymour
1026 West Eleven Mile
Road
Royal Oak, Michigan 48067
(248) 399-9703

12

C.    Failing to monitor the conduct and behavior of its officers in general, but specifically the officers listed as Defendants herein, so as to not only properly discipline but terminate them after possession of direct knowledge that the officers were in dereliction of their duties and intentionally attempted to falsify or obstruct police investigations;

D.    All other breaches leaned through the course of discovery.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendants in an mount the trier of fact determines fully and fairly compensates in excess of $25,000.00 plus interest, costs and attorneys fees.

COOPER, SHIFMAN, GABE,
QUINN & SEYMOUR

Date: June 4, 2004

ARNOLD J. SHIFMAN (P20370)
Attorney for Plaintiff
1026 West Eleven Mile
Royal Oak, Michigan 48067
(248) 399-9703

Law Offices
Cooper, Shifman,
Gabe, Quinn,
& Seymour
1026 West Eleven Mile
Road
Royal Oak, Michigan 48067
(248) 399-9703

13



STATE OF MICHIGAN
THIRD CIRCUIT COURT

CASE NO.

**SUMMONS AND
RETURN OF SERVICE**

| COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226 | COURT TELEPHONE NO. (313) 224- 2365 |
|---|---|

THIS CASE ASSIGNED TO JUDGE: ROBERT L ZIOLKOWSKI          Bar Number: 22745

| PLAINTIFF | DEFENDANT |
|---|---|
| HOWELL DANIEL L     PL 01 | VS  DETROIT CITY OF          DF 002 |

PLAINTIFF'S ATTORNEY
ARNOLD J. SHIFMAN
(P-20370)
1026 W 11 MILE RD
ROYAL OAK, MI 48067-5401
248-399-9703

RECEIVED
JUL 03 2004
CITY OF DETROIT
LAW DEPARTMENT

| CASE FILING FEE PAID | JURY FEE PAID |
|---|---|

| ISSUED 06/28/04 | THIS SUMMONS EXPIRES 09/27/04 | DEPUTY COUNTY CLERK DESIREE CANTY |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.          Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

| Date | Signature of attorney/plaintiff |
|---|---|

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.

FORM NO. WC101
REV. (3-98)    MC 01 (10/97)     **SUMMONS AND RETURN OF SERVICE**     MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)
DEFENDANT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANIEL L. HOWELL,

        Plaintiff,

     v.

USDC - CASE NO: 04-72800

HON: Victoria A. Roberts.

MAGISTRATE JUDGE: Scheer.

THE CITY OF DETROIT, a municipal corporation,
THE CITY OF DETROIT POLICE DEPARTMENT,
an agency of a municipal corporation, RODNEY
BALLINGER, an individual and official, MICHAEL
MOSLEY, an individual and official, ERIC CARTER,
an individual and official, and SHAWN WILLIAMS,
an individual and official,

        Defendants.

WCCC Case No.: 04 419674 NO
Honorable Robert L. Ziolkowski

---

**ARNOLD J. SHIFMAN   (P20370)**
**MARY A. BEATTY (P63055)**
Attorneys of Plaintiff
1026 West Eleven Mile Road
Royal Oak, Michigan 48067
(248) 399-9703

FILED

JUL 2 3 2004

CLERK'S OFFICE, DETROIT-PSG
U.S. DISTRICT COURT

---

**JACOB SCHWARZBERG   (P37693)**
Attorney for Defendant - City of Detroit
1650 First National Building
Detroit, Michigan 48226
(313) 237-3036 / 224-5505 (fax)

---

**CERTIFICATE OF SERVICE:**
**DEFENDANT'S, CITY OF DETROIT'S, NOTICE OF REMOVAL OF CIVIL ACTION FROM
WAYNE COUNTY CIRCUIT COURT TO U.S. DISTRICT COURT**

      I state that on July 23, 2004, I served via U.S. mail, the above captioned matter the above-named attorney of record, representing plaintiff, by placing the aforementioned pleading in an envelope and after securely sealing same and affixing sufficient first-class prepaid postage thereto, deposited same in the United States mail for transmission to the addressee thereof.

      According to the routine practice of the Detroit Law Department, items delivered in this way to the Mail Clerk are weighed, appropriate first-class postage is affixed and the Mail Clerk mails the items on the date he/she receives them if he/she receives them before 4:30 p.m., or on the following day if he/she receives them later than that time.

---

JACOB SCHWARZBERG

**_____ VER SHEET**   COUNTY IN WHICH THIS ACTION AROSE: **WAYNE**

~~cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required~~ except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) PLAINTIFFS** DANIEL L HOWELL

**DEFENDANTS** CITY OF DETROIT, et al

**(b)** County of Residence of First Listed: **WAYNE** 26163

County of Residence of First Listed **WAYNE** NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE ___ AND INVOLVED

**04 2800**

**(c)** Attorneys (Name, Address and Telephone Number)
ARNOLD J. SHIFMAN (P20370)
MARY A. BEATTY (P63055)
1026 WEST ELEVEN MILE ROAD
ROYAL OAK MI 48067   (248) 399-9703

Attorneys (If Known)
JACOB SCHWARZBERG (P37693)
1650 FIRST NATIONAL BLDG
DETROIT MI 48226   (313) 237-3036

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

*Roberts/Schein VICTORIA A. ROBERTS 72 800*

*MAGISTRATE JUDGE DONALD A. SCHEER*

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21: 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ | | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 320 Assault, Libel And Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☒ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☒ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. Section 1983 — 4th & 14th Amendments

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   $ DEMAND   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____   DOCKET NUMBER _____

DATE 7/22/04   SIGNATURE OF ATTORNEY OF RECORD X _Jacob Schwarzberg_ P37693

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously discontinued or dismissed?  ☐ YES  ☐ NO

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court?  (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ YES  ☐ NO

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes: